```
                        UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF OHIO
                              WESTERN DIVISION
```

PRISCILLA J. COTTON,            :      NO. 1:10-CV-00917
                                :
    Plaintiff,                  :
                                :
  v.                            :
                                :
PATRICK R. DONAHOE,             :      **OPINION AND ORDER**
Postmaster General, United      :
States Postal Service,          :
                                :
    Defendants.                 :


This matter is before the Court on Defendant's Motion to Dismiss (doc. 9), Plaintiff's Response in Opposition (doc. 14), and Defendant's Reply (doc. 15). For the reasons indicated herein, the Court GRANTS Defendant's Motion and DISMISSES this matter from the Court's docket.

## I. Background

Plaintiff was a long-term employee of the United States Postal Service who alleges Defendant discriminated against her by failing to accommodate her disability in a similar manner to Caucasion co-workers (doc. 1). Plaintiff specifically claims Defendant provided others with maintenance carts to drive back and forth to work stations, but did not do so when she made a request for a cart (Id.).

Defendant has moved to dismiss this case under the theory that Plaintiff failed to contact an EEO counselor within forty-five

days of the alleged discrimination (doc. 9). Plaintiff does not contest the fact that she missed the deadline, but rather contends that she should be entitled to equitable tolling of the deadline (doc. 14). Plaintiff claims, based on the theory that she justifiably relied on Defendant to accommodate her request, the Court should apply equitable estoppel and equitable tolling so as to preclude the granting of Defendant's motion to dismiss (Id.). Defendant replies that Plaintiff does not specifically show how she suffered detrimental reliance other than briefly stating the grounds for her disparate treatment claim is also evidence of detrimental reliance (doc. 15). Moreover, Defendant contends the notice of filing requirements was posted in Plaintiff's work area, that Plaintiff was represented by counsel who could have ensured she timely filed an EEO complaint, and that Plaintiff retired on November 1, 2009, after having submitted documents to retire on October 6, 2009 (Id.). As for such retirement, Defendant contends it is inconceivable that Plaintiff could expect Defendant to accommodate her work restriction when she no longer worked for Defendant (Id.). Defendant contends Plaintiff was not diligent in protecting her rights from her retirement until January 15, 2010, when she contacted an EEO counselor (Id.).

**II. Discussion**

The federal courts sparingly bestow equitable tolling. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990),

Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988), Brown v. Mead Corp., 646 F.2d 1163, 1165 (6th Cir. 1981). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. Baldwin County Welcome Center v. Brown, 466 U.S. 147 at 151 (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); see also Johnson v. United States Postal Service, 64 F.3d 233, 238 (6th Cir. 1995), which directed that a petitioner's failure to satisfy a deadline caused by "garden variety neglect" cannot be excused by equitable tolling. (Citing Irwin, 498 U.S. at 96). Absent compelling equitable considerations, a court should not extend limitations by even a single day. Johnson v. United States Postal Service, 863 F.2d 48 (Table), 1988 WL 122962, at *3 (6th Cir. Nov. 6, 1988).

> The Sixth Circuit has decreed:
>
> We have identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

Truitt v. County of Wayne, 148 F.3d at 644 at 688 (6th Cir. 1988). However, the Truitt court did not indicate that its list was comprehensive, nor that each of the five considerations would be material in all cases. Rather, "the propriety of equitable tolling

3

must necessarily be determined on a case-by-case basis." <u>Id.</u> (citation omitted).

Having reviewed this matter, the Court finds no basis for equitable tolling in this matter. The facts show Plaintiff had notice of the filing requirement–due to Defendant's posting of EEOC notices. <u>Jackson v. Richards Medical Co.</u>, 961 F.2d 575, 579 (6th Cir. 1992). Moreover, Plaintiff was represented by counsel, and could have timely sought EEO counseling. <u>Id</u>. at 579 (adopting the view that a party who has retained counsel has constructive knowledge of filing requirements). The facts further show that Plaintiff retired before filing her complaint. The Court finds well-taken Defendant's position that it simply does not make sense that Plaintiff would seek an accommodation from an employer for whom she no longer worked. Finally, there is no evidence the Defendant engaged in any "affirmative misconduct" so as to mislead Plaintiff from timely asserting her complaint. <u>Fisher v. Peters</u>, 249 F.3d 433, 444 (6th Cir. 2001).

Under these circumstances, the Court finds Defendant's motion well-taken, and rejects Plaintiff's arguments to the contrary. Accordingly, the Court GRANTS Defendant's Motion to Dismiss (doc. 9), and terminates this matter on the Court's docket.

SO ORDERED.

Dated: January 11, 2012    <u>/s/ S. Arthur Spiegel</u>
                           S. Arthur Spiegel
                           United States Senior District Judge